State *v.* Draper—186 Ind. 433.

---

## STATE OF INDIANA *v.* DRAPER.

[No. 23,044. Filed June 21, 1917.]

ELECTIONS.—*Corrupt Practices.—Indictment.—Sufficiency.—Statute.*—An indictment based on §11 of the "Corrupt Practices Act"[1] (§7111k Burns 1914, Acts 1913 p. 489), making it unlawful for any person to directly or indirectly receive money "for the purpose of inducing or procuring any person to vote, or refrain from voting, for or against any person, or for or against any measure or proposition at any election," etc., is fatally defective where it charges merely that the accused received a certain sum of money "to promote the success of a principle to be voted on at a special local option election," but does not allege that the money was received for the purpose of inducing any person to vote, or refrain from voting, for or against the proposition before the electors, which is the gravamen of the offense under the statute.

From Sullivan Circuit Court; *William H. Bridwell,* Judge.

Prosecution by the State of Indiana against William Murphy Draper. From a judgment quashing the indictment, the State appeals. *Affirmed.*

*Evan B. Stotsenburg,* Attorney-General, and *M. L. Pigg,* for the State.

*John W. Lindley* and *Walter F. Wood,* for appellee.

MYERS, J.—Appellee was charged by indictment in the Sullivan Circuit Court with an alleged violation of §11 of the "Corrupt Practices Act," as amended in 1913. §7, Acts 1913 p. 489, §7111k Burns 1914. The court below sustained a motion to quash the indictment and rendered judgment discharging appellee. The State appealed and assigned as error the ruling of the court on the motion to quash.

VOL. 186—28

The indictment, in substance, charges that appellee on or about May 27, 1915, did unlawfully and feloniously receive $200 from the Terre Haute Brewing Company, a private corporation, to promote the success of a principle to be voted on at a special election, commonly called a local option election, held in Curry township, Sullivan county, Indiana, on May 28, 1915. That part of the statute above referred to, and upon which this indictment is predicated, makes it unlawful for any person to directly or indirectly receive money "for the purpose of inducing or procuring any person to vote, or refrain from voting, for or against any person, or for or against any measure or proposition at any election or primary election or political convention." The indictment before us charges that appellee received a certain sum of money "to promote the success of a principle," without alleging in what manner the success was to be brought about. Appellee is not charged with receiving the money for the purpose of inducing any person to vote or refrain from voting, which is the offense for which the penalty is fixed.

For this reason the indictment is insufficient, and the ruling of the court is therefore sustained. Judgment affirmed.

NOTE.—Reported in 116 N. E. 716.